Edwin F. McPherson – State Bar No. 106084
  emcpherson@mcphersonrane.com
Tracy B. Rane – State Bar No. 192959
  trane@mcphersonrane.com
**McPHERSON RANE LLP**
1801 Century Park East
24th Floor
Los Angeles, CA 90067
Tel:(310)553-8833
Fax:(310)553-9233

Attorneys for Plaintiff FRANK OCEAN

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK OCEAN, an individual, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1. DECLARATION OF COPY-RIGHT NON-OWNERSHIP** |
| OM'MAS KEITH p/k/a Om'Mas; THE ANALOG GENIUS CORPORATION, a New York corporation; and DOES 1 through 10, inclusive, | **2. PRELIMINARY AND PERMANENT INJUNCTION** |
| Defendants. | |

Plaintiff FRANK OCEAN (hereinafter "Plaintiff") hereby alleges as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

## PARTIES

1.  Plaintiff FRANK OCEAN (hereinafter "Plaintiff") is, and at all times herein mentioned was, an individual, residing in the State of California, County of Los Angeles. Plaintiff is a well-known singer, songwriter, recording artist, and record producer.

2.  Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendant Om'Mas Keith p/k/a Om'Mas (hereinafter "Keith") is, and at all times herein mentioned was, an individual, residing in the State of New York.

3.     Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendant Analog Genius Corporation (hereinafter "Analog") is a corporation, organized and existing under the laws of the State of New York, and is licensed to do and has been doing business in the State of California, County of Los Angeles.

4.     Plaintiff is informed and believes and, based upon such information and belief, alleges that DOES 1 through 5 are, and at all times herein mentioned were, corporations, partnerships, or other business entities, which were and are legally responsible and liable for the acts, omissions, and events referred to in this Complaint.

5.     Plaintiff is informed and believes and, based upon such information and belief, alleges that DOES 6 through 10 are, and at all times herein mentioned were, individuals, who were and are legally responsible and liable for the acts, omissions, and events referred to in this Complaint.

6.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said Defendants under such fictitious names.  Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.

7.     Plaintiff is informed and believes and, based on such information and belief, alleges that Defendants, and each of them, are, and at all times herein mentioned were, the alter-egos, agents, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership, or joint-venture.  Plaintiff is further informed and believes and, based upon such information and belief, alleges that the acts and conduct herein alleged of each such Defendant were known to, authorized by, and/or ratified by the other Defendants, and each of them.

///

///

## JURISDICTION AND VENUE

8.     This is an action for declaration of copyright non-ownership pursuant to the Copyright Act.  Jurisdiction is conferred upon this Court pursuant to 17 U.S.C. Sections 101 *et seq*.

9.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391 and 1400, in that the conduct hereinafter described has been and is presently being carried out and made effective, in substantial part, within the boundaries of the Central District of California, and Defendants transact business and are present in the Central District of California.

## FACTUAL ALLEGATIONS

10.     In or about 2012, Plaintiff entered into a written agreement (hereinafter the "2012 Agreement") with Defendants whereby Defendants agreed to produce 14 master recordings for Plaintiff's album entitled "Channel Orange," in exchange for which Plaintiff was to pay to Defendants a flat fee per master recording.  Defendants thereafter produced the master recordings, and acknowledged that they did not write or co-write any of the compositions that were embodied on the "Channel Orange" master recordings.

11.     In or about March of 2014, Plaintiff and Defendants orally entered into essentially the same agreement (hereinafter the "Agreement") for Plaintiff's next album, entitled "Blonde," whereby Defendants were to produce certain master recordings on the album, which embodied compositions that were almost entirely written or co-written by Plaintiff, and Plaintiff was to pay to Defendants a flat fee per master recording.  The working titles of the compositions were as follows:

(a)     "(At Your Best) You Are Love"

(b)     "California"

(c)     "Carreras for Peace"

(d)     "Dharma"

(e)     "Godspeed"

| | (f) | "Ivy" |
| | (g) | "Pink + White" |
| | (h) | "Skyline To" |
| | (i) | "Solo" |
| | (j) | "White Ferrari" |
| | (k) | "Futura Free" |
| | (l) | "Nikes" |

12. None of the Defendants wrote or co-wrote any of the Compositions.

13. On April 8, 2014, counsel for Plaintiff sent to counsel for Defendants a draft agreement memorializing the Agreement, including the same provision that Defendants had agreed to in the 2012 Agreement, which acknowledged that Defendants did not write any of the compositions that were embodied in the master recordings, in whole or in part. The draft agreement listed all of the Compositions.

14. Defendants, and each of them, refused to sign the written agreement with that provision contained therein. Defendants even refused to sign an acknowledgment that they had not written "(At Your Best) You Are Love," which is an Isley Brothers cover. Negotiations therefore broke down.

15. In September of 2016, Plaintiff's representatives re-commenced discussions with Defendants' representatives, by sending a newly-drafted agreement confirming that Defendants had rendered services as a producer of six master recordings that were included on Plaintiff's album entitled Blonde.

16. Again, Plaintiff's representatives requested that Defendants acknowledge in writing that they had not written any of the compositions that were embodied on the master recordings that Defendants had produced, and again Defendants' representatives refused to include any such acknowledgment. This time, however, Plaintiff's counsel asked Defendants' counsel to provide a detailed account of Defendants' alleged contributions to the Compositions, to which request Defendants and their counsel failed to respond.

17.     Soon thereafter, Defendants, and each of them, instructed their publisher to file registrations with their performing rights organization, ASCAP, falsely claiming that they had co-written the following compositions (hereinafter the "ASCAP Compositions"):

       (a)    "Be Yourself"

       (b)    "Futura Free"

       (c)    "Godspeed"

       (d)    "Ivy"

       (e)    "Nights"

       (f)    "Nikes"

       (g)    "Pink + White"

       (h)    "Pretty Sweet"

       (i)    "Skyline To"

       (j)    "Solo"

       (k)    "White Ferrari"

18.     Plaintiff has never written any compositions with Defendants, or any of them, including the Compositions and the ASCAP Compositions.  In fact, "Be Yourself" was written entirely by Josiah Sherman p/k/a Buddy Ross.  Moreover, all of the Compositions and the ASCAP Compositions were written well before Defendants, or any of them, rendered any services whatsoever in connection with any of the masters. Defendants did not contribute any lyrics, melodies, or music that would give rise to any claim of authorship by Defendants in the Compositions or the ASCAP Compositions.

## **FIRST CLAIM FOR RELIEF**

### **(For Declaration of Copyright Ownership –**

### **Against All Defendants)**

19.     Plaintiff adopts, re-alleges, and by this reference incorporates, Paragraphs 1 through 18, inclusive, hereinabove.

20.    Defendants, and each of them, claim that Defendants co-wrote the Compositions and the ASCAP Compositions.  Plaintiff vehemently denies that Defendants wrote, co-wrote, authored, or co-authored any of the music that Plaintiff has written, including the Compositions and the ASCAP Compositions.

21.    Plaintiff desires a judicial determination: (1) that neither Defendants nor any of them own any portion of the copyright rights in and to any of Plaintiff's music, including the Compositions and the ASCAP Compositions; and (2) that any and all copyright registrations (and any other registrations) for the Compositions and ASCAP Compositions be amended to remove Defendants' names therefrom.

## SECOND CLAIM FOR RELIEF
### (For Temporary, Preliminary, and Permanent Injunction --
### Against All Defendants)

22.    Plaintiff adopts, re-alleges and by this reference incorporates, Paragraphs 1 through 18, inclusive hereinabove.

23.    The wrongful acts and conduct of Defendants, and each of them, by falsely claiming that they have co-written the Compositions and the ASCAP Compositions, constitute a serious and substantial violation of Plaintiff's rights under the Copyright Act.

24.    Plaintiff is informed and believes and, based upon such information and belief, alleges that the conduct of Defendants, and each of them, including, but not limited to, the foregoing, has caused and will cause irreparable injury to Plaintiff, which injury will continue as long as Defendants continue to claim that they co-wrote the Compositions and the ASCAP Compositions.  Such injury will be severe, substantial and continuing, and cannot be reasonably or adequately measured or compensated for by money damages alone.

///

///

25. Unless Defendants, and each of them, are preliminarily and permanently enjoined from any further misrepresentation that they co-wrote Plaintiff's music, Plaintiff will be irreparably and permanently injured by the loss of the ability to control the exploitation thereof.

26. Moreover, unless Defendants, and each of them, are preliminarily and permanently enjoined from any and all licensing, attempting to license, causing the licensing of, permitting any other individual or entity to license, selling, attempting to sell, causing to be sold, permitting any other individual or entity to sell, copying, reproducing, publishing, disseminating, distributing, circulating, promoting, marketing, and utilizing the Compositions and/or the ASCAP Compositions, Plaintiff will be irreparably and permanently injured by the loss of the ability to control the exploitation thereof.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**AS TO THE FIRST CLAIM FOR RELIEF:**

1. For entry of a judgment declaring the following:

    (a) that Defendants, and each of them, are not writers, co-writers, authors, co-authors, or joint owners of any of the Compositions or the ASCAP Compositions;

    (b) that Defendants, and each of them, have no legal or equitable interest (including but not limited to copyright) whatsoever in any of the Compositions or the ASCAP Compositions; and

    (c) that Defendants, and each of them, are not entitled to any credit in connection with any of the Compositions or the ASCAP Compositions.

2. For reasonable attorneys' fees in an amount to be proved at trial, in accordance with 17 U.S.C. Section 505;

///

**AS TO THE SECOND CLAIM FOR RELIEF:**

3.     For a temporary, preliminary and permanent injunction precluding Defendants, and each of them, and their agents, servants, employees, subsidiaries, affiliates, officers, directors, representatives, attorneys, successors, and assigns, and anyone acting in concert with them, from:

(a)     further misrepresenting that they co-wrote any of Plaintiff's music, including the Compositions and the ASCAP Compositions; and

(b)     licensing, attempting to license, causing the licensing of, permitting any other individual or entity to license, selling, attempting to sell, causing to be sold, permitting any other individual or entity to sell, copying, reproducing, publishing, disseminating, distributing, circulating, promoting, marketing, and utilizing the Compositions and/or the ASCAP Compositions, for any purpose.

**AS TO ALL CLAIMS FOR RELIEF:**

4.     For costs of suit herein incurred; and

5.     For such other and further relief as the Court deems just and proper.


DATED: February 20, 2018          Edwin F. McPherson
                                  Tracy B. Rane
                                  **McPHERSON RANE LLP**


                                  By: */s/ Edwin F. McPherson*
                                  EDWIN F. McPHERSON
                                  Attorneys for Plaintiff
                                  FRANK OCEAN

## **DEMAND FOR JURY TRIAL**

Plaintiff FRANK OCEAN hereby demands a jury trial of this action.

DATED: February 20, 2018

Edwin F. McPherson
Tracy B. Rane
**McPHERSON RANE LLP**


By:  _/s/ Edwin F. McPherson_
      EDWIN F. McPHERSON
      Attorneys for Plaintiff
      FRANK OCEAN

Complaint